Filed 2/26/13  Estate of Gill CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Estate of DAVID HENRY GILL, Deceased. _____ JONATHAN R. GILL et al.,     Plaintiffs and Appellants, v. BRIAN GILL,     Defendant and Respondent. | H037114 (Monterey County Super. Ct. No. MP11751) |

This case is the latest chapter in a series of disputes[1] between family members concerning their late father's and husband's revocable trust.  Jonathan and Jason Gill (collectively, Trustees)—who are the successor cotrustees, as well as beneficiaries, of the David Henry Gill Revocable Trust—appeal from a June 2, 2011 probate order requiring the liquidation of certain Trust assets to satisfy a prior 2010 judgment awarding costs and attorney fees in favor of Brian Gill, the former trustee who is also a beneficiary of the Trust.  (Hereafter, the challenged probate order is referred to as the June 2, 2011 order.)  That prior 2010 judgment was also the subject of an appeal by Trustees.  This court

_____

[1] There have been a total of five separate proceedings before this court.

disposed of that appeal in favor of Brian.[2]  (See *Estate of Gill,* May 4, 2012, H036291 [nonpub. opn.] (*Estate of Gill I*).)[3]

Trustees claim that the court erred in granting the June 2, 2011 order, asserting that it was based upon a petition filed by Brian without affording the beneficiaries and Trustees the requisite statutory notice.  Brian responds that the issue of notice was waived because no objection was asserted below.  (See *Western Oil & Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist.* (1989) 49 Cal.3d 408, 427, fn. 20.)  He argues further that the June 2, 2011 order was superseded by a June 23, 2011 order that is not a subject of this appeal.

We conclude that the appeal is moot and will therefore dismiss the appeal.

PROCEDURAL BACKGROUND

I.      *Prior Litigation*

David Henry Gill, the trustor, passed away in 1990, five months after the creation of the Trust.  He was survived by his widow (Elizabeth) and six children (Brian, Jonathan, Jason, Storm, Constance, and David [now deceased]).  Brian, an attorney experienced in trust and estate matters, served as the successor cotrustee for over 17 years after his father's death.[4]  In January 2008, Brian resigned as trustee after disputes arose

---

[2]  We refer to the parties herein by their forenames.  We do so as a matter of convenience and mean no disrespect in omitting their shared surnames.

[3] Pursuant to Evidence Code sections 452, subdivision (d) and 459, subdivision (a), we take judicial notice of our prior unpublished opinion in this case.  Judicial notice of our prior opinion is appropriate and it "help[s] complete the context of this case." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 306, fn. 2.)  The facts and procedural history concerning the prior litigation as presented below are taken from our unpublished opinion in *Estate of Gill I.*

[4] The trustor's widow, Elizabeth, served as successor cotrustee with Brian from 1990 to 2006.  Her conduct as cotrustee was not a subject of the prior litigation.

among the family.  The next month, Jonathan and Jason (appellants) were appointed as successor cotrustees.[5]

In November 2008, Trustees filed a petition to recover funds from Brian that he had disbursed from the Trust.  Trustees alleged that between 1990 and 2008, Brian had improperly disbursed Trust funds in the form of unexplained payments, undocumented loans, legal fees, and payments for personal expenses.  The claim, made pursuant to Probate Code section 16440, was for approximately $55,415 in principal plus approximately $59,000 in interest.  Trustees alleged further that Brian, on behalf of the Trust, hired an interior designer, his wife (Kim), to oversee the renovation of a home on Pelican Road in Pebble Beach that was a major Trust asset, and that he overpaid her for those services by approximately $75,000.  Brian opposed the petition.

After a four-day trial in June 2010, the court rejected Trustees' claims.  It held that (1) Brian had not improperly diverted Trust funds to himself, and (2) the compensation he had paid to Kim for her services was reasonable.  On September 3, 2010, the court entered judgment, which included an award to Brian of $213,274.18 in attorney fees and costs, a sum that was about $92,000 less than the sum he had requested.

Trustees, in their challenge of the judgment in *Estate of Gill I*, argued that the evidence established that Brian breached his fiduciary duty to the Trust by, inter alia, making unauthorized payments to himself and by paying unreasonable compensation to Kim.  They also claimed that the court abused its discretion in awarding Brian his attorney fees and costs.  We rejected each of Trustees' claims.  Specifically, we

---

[5] In supplemental briefing of the parties solicited by this court in the present appeal, we were advised by Brian's counsel that the powers of Trustees were suspended and Albert Nicora was appointed the interim trustee of the Trust in an order of the court filed December 10, 2012.  Nicora subsequently filed a formal consent to serve as interim trustee.  We take judicial notice of this order and consent filed with the superior court. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

3

concluded that the trial court had committed no error in rejecting Trustees' breach of fiduciary duty claims alleged in Trustees' petition (*Estate of Gill I*, *supra*, at pp. 10-20) and had not abused its discretion in awarding Brian his reasonable costs and attorney fees associated with defending Trustees' claims challenging his administration of the Trust (*id.* at pp. 32-33).[6]

II.    *Current appeal*

While the prior appeal was pending, a number of events occurred in the trial court relating to the September 2010 judgment. On December 1, 2010, the court ordered Trustees to post a bond of $426,548.36 in order to stay enforcement of the judgment during the pendency of the appeal in *Estate of Gill I*. In April 2011, Brian caused a writ of execution to be issued by the superior court to enforce the judgment. Shortly thereafter, Trustees filed an ex parte application seeking an order staying enforcement of the judgment, as well as an order staying other proceedings before the superior court, asserting that Trustees had recently "learned that [Brian was] attempting to levy on stock held by the Trust at UBS Financial Services and to terminate the income distribution due Elizabeth . . . ."[7] Brian opposed the application. After a hearing, the court shortened time

---

[6] In addition, we held that the court did not err in rejecting several unpleaded breach of fiduciary duty claims Trustees had raised at trial. (*Estate of Gill I*, *supra*, at pp. 20-27.)

[7] The accounts containing Trust assets at UBS Financial Services are hereinafter referred to as the UBS accounts. With regard to the stay of proceedings sought in the trial court, Trustees alleged that they intended to file a petition for writ of mandate with this court challenging an order by the trial court denying their motion to disqualify counsel, and that the superior court proceedings should be stayed to give this court an opportunity to hear and decide that matter. A review of this court's files discloses that on April 29, 2011, Trustees initiated two proceedings challenging the order denying their motion to disqualify counsel: a writ petition and a separate appeal. The writ petition was denied by this court on May 9, 2011. (*Gill v. Superior Court*, H036848.) Trustees abandoned their appeal on July 14, 2011. (*Estate of Gill*, H037113.) We take judicial notice of these court filings. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); see also *Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 306, fn. 2.)

for the filing by Brian of a petition for instructions regarding payment of the judgment; set a briefing schedule; ordered that no liquidation of the UBS accounts occur in the interim; and stayed enforcement under Code of Civil Procedure section 680.010.

On May 3, 2011, Brian filed a petition for instructions (May 3 petition), requesting that the court order Trustees, inter alia, to liquidate certain Trust assets—namely, the UBS accounts, silver, coins and currency, and all accounts with financial institutions—and pay the proceeds to Brian to partially satisfy the judgment.[8]  Trustees opposed the May 3 petition.  In their objections filed with the court, Trustees asserted, among other things, that Brian's petition exceeded the scope of the court's order; liquidation would interfere with the orderly administration of the Trust; the Trust had assets well exceeding the amount of the judgment; and liquidation would interfere with Elizabeth's rights to receive Trust income during her lifetime.  Declarations by Elizabeth, Constance, Storm, Jason, Jonathan, and Thomas Gill (David's executor) were submitted in opposition to the May 3 petition and two other petitions filed by Brian.[9]

---

[8] In the May 3 petition, Brian also sought court orders requiring Trustees to (1) pay or return funds to the Trust to pay to Brian to satisfy judgment, or, alternatively, have the beneficiaries (other than Brian) return the pro rata shares of their respective distributions sufficient to pay Brian in satisfaction of the judgment; (2) grant a special power of attorney to Brian to market undeveloped Sand City real property owned by the Trust, or alternatively, market the property themselves; and (3) pay Brian's costs and fees for bringing the petition.

[9] On March 30, 2011, Brian filed a petition for instructions seeking an order requiring Trustees to provide him with copies of Trust financial records.  And on April 8, 2011, Brian filed a petition for instructions seeking orders instructing Trustees to post a $3 million fiduciary bond; refrain from using Trust assets to fund litigation against him; reimburse the Trust for funds already paid to finance that litigation; and reimburse Brian for the cost of the petition.  The declarations filed by Elizabeth, Constance, Storm, and Thomas appear to have been directed toward the relief sought in Brian's April 8, 2011 petition.  It appears that Jonathan's and Jason's declarations were directed toward opposing Brian's May 3 petition for instructions regarding, inter alia, the liquidation of the UBS account.

On May 13, 2011, the court initially heard the May 3 petition and two other petitions filed by Brian and ordered, inter alia, that the hearing on the May 3 petition be continued. On June 1, 2011, the court granted Brian's May 3 petition, instructing the Trustees to liquidate the UBS accounts and accounts of the Trust in other financial institutions, as well as to liquidate "[a]ll numismatic silver, silver coins and currency owned by the [T]rust." The court further ordered that Trustees pay the proceeds from the liquidation to Brian in partial satisfaction of the judgment. A formal order was entered on June 2, 2011. It included a requirement that the liquidation of the UBS accounts and payment of the proceeds occur by June 6, 2011. Trustees filed a notice of appeal from the June 2, 2011 order on June 6, 2011.

III.     *Subsequent Proceedings*

Proceedings relevant to this appeal occurred after the entry of the June 2, 2011 order.[10] On June 13, 2011, Brian filed an application to hold Trustees in contempt based upon their alleged failure to comply with the June 2, 2011 order in that the UBS accounts had not been liquidated and no funds had been delivered to Brian in partial satisfaction of the judgment by June 6, 2011, as required in the order. The Trustees opposed the application, arguing, among other things, that the filing of their appeal had stayed the June 2, 2011 order. The court, after hearing argument, set the matter for a further hearing to afford the parties the opportunity to submit further briefing.

On or about June 20, 2011, Brian submitted a petition seeking an order that Trustees post an undertaking in an amount equal to at least twice the current value of the

---

[10] Pursuant to the application of Trustees, by order dated May 30, 2012, this court has taken judicial notice of the court transcripts of hearings on April 27, 2011, and June 15, 2011; Brian's application for contempt and Trustees' opposition thereto; Brian's petition for instructions requiring Trustees to post a bond to stay liquidation and Trustees' opposition thereto; an order dated June 23, 2011, directed to UBS Financial Services, Inc. directing the liquidation of the UBS accounts; and an order dated June 23, 2011, directing the liquidation of the UBS accounts unless Trustees posted an undertaking of $176,000.

UBS accounts, as well as an order directing that UBS liquidate the accounts and pay the proceeds to Brian by a specified date. Trustees opposed the petition. The court granted Brian's petition on June 23, 2011. It ordered UBS to liquidate the UBS accounts by 5:00 p.m. on July 1, 2011. In a separate order also dated June 23, 2011, the court required Trustees to post a bond of $176,000 "by 5:00 p.m. on June 30, 2011, if they wish the Court's order of [June 2, 2011,] insofar as it directs liquidation of the U.B.S. Accounts pending appeal, be stayed."[11]

## DISCUSSION

### I. *Whether Appeal Is Moot*

After briefing was completed, this court asked the parties to address whether the case should be dismissed on the ground that it is moot. Specifically, we noted that the present appeal was based in part upon the lack of finality of the September 2010 judgment, and that we had subsequently affirmed that judgment in *Estate of Gill I* on May 2, 2012. We observed further that we had "denied appellants' petition for writ relief or for a temporary stay relative to an order of June 23, 2011, in which the trial court again ordered liquidation of certain Trust assets absent the filing of a bond. (*Gill et al. v. Superior Court*, H037093.) In light of these proceedings, this court questions whether actions (if any) taken in compliance with the June 2, 2011 order requiring liquidation of Trust assets to partially satisfy the judgment may have rendered the issues in this appeal

---

[11] On June 30, 2011, Trustees filed with this court a petition for writ of prohibition, mandate, or other relief and request for a temporary stay, challenging the court's June 23, 2011 orders (1) directing UBS to liquidate the UBS accounts, and (2) liquidating the UBS accounts by July 1, 2011, unless Trustees posted a bond to stay the order of liquidation. (See *Jonathan Gill et al. v. Superior Court*, H037093.) On July 7, 2011, we denied the petition and request for stay. We take judicial notice of this petition and order. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); see also *Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 306, fn. 2.)

7

moot." We therefore requested that the parties submit letter briefs on the subject of mootness.

We have been advised by Brian in his letter brief that "[t]he Trust's UBS accounts were in fact liquidated and the proceeds ($87,850.56) were given to Respondent Brian Gill in partial satisfaction of the Judgment." Brian argues that the present appeal is moot because (1) Trustees' argument herein that the court should not have permitted collection efforts because their prior appeal of the judgment automatically stayed the judgment was rendered moot by the filing of our opinion in *Estate of Gill I* affirming the underlying judgment; (2) the June 23, 2011 order to UBS concerning liquidation of the UBS accounts superseded the June 2, 2011 order, and this court denied Trustees' writ petition seeking relief from the June 23, 2011 order; and (3) the liquidation of the UBS accounts came as a result of the June 23, 2011 order, and since no action was taken as a result of the June 2, 2011 order, there is no need to consider the validity of that prior order.

Trustees concede in their letter brief that the UBS accounts have been liquidated. They also acknowledge that after the September 2010 judgment became final and Brian filed a petition seeking to hold Trustees in contempt, they "liquidated the other assets at issue." Trustees conclude: "As a result of these events occurring through 2012, the issue on appeal is now moot." Citing *Abbott Ford, Inc. v. Superior Court* (1983) 43 Cal.3d 858, 868-869, fn. 8, Trustees suggest that the appeal may be considered notwithstanding its mootness if it "presents an issue of recurring public interest or a question of law for which clarification is needed."

In general, appellate courts will neither decide controversies that are moot nor render decisions on abstract propositions. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; see also *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 78.) "A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] 'When no effective relief can be granted, an appeal is moot and

8

will be dismissed.'  [Citations.]"  (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 (*MHC Operating Limited Partnership*).)  Stated slightly differently, a case may be moot when "neither a reversal nor an affirmance will affect the substantive rights of the parties."  (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479.)  A question of mootness may be raised by the appellate court sua sponte.  (*Ibid.*; see also *Building a Better Redondo, Inc. v. City of Redondo* (2012) 203 Cal.App.4th 852, 865 (*Building a Better Redondo, Inc.*).)

Thus, for example, where a city amended a rent control ordinance in compliance with a writ of administrative mandamus granted by the trial court, that postjudgment action rendered moot any appellate challenge by the city to the issuance of the writ. (*MHC Operating Limited Partnership*, *supra*, 106 Cal.App.4th at pp. 214-215.) Similarly, an objector's CEQA challenge to an environmental impact report issued in connection with a construction project (which included a public park) was held moot where, during the pendency of the appeal, the project was completed and was opened to the public and no effective relief could be granted to the objector.  (*Santa Monica Baykeeper v. City of Malibu* (2011) 193 Cal.App.4th 1538, 1547-1551 (*Santa Monica Baykeeper*).)

The controversy here, as argued by Brian and as conceded by Trustees, is moot. Trustees' challenge to the underlying judgment—as asserted in the prior appeal and reiterated in the present appeal—was unsuccessful.  While the instant appeal was pending, we affirmed the judgment in *Estate of Gill I*.  In addition, the June 2, 2011 order that is the subject of this appeal was plainly superseded by (1) the June 23, 2011 order requiring Trustees to post an undertaking of $176,000 by June 30, 2011, in order to stay liquidation of the UBS accounts which was otherwise ordered to proceed on July 1, 2011, and (2) the parallel order of June 23, 2011, directing UBS to liquidate those accounts. Moreover, the parties in their recently submitted letter briefs stipulate that (1) the UBS accounts have been liquidated and the proceeds have been paid to Brian in partial

9

satisfaction of the judgment, and (2) Trustees have liquidated the other Trust assets that were the subject of the June 2, 2011 order involved in the instant appeal. Because " 'no effective relief can be granted' " (*MHC Operating Limited Partnership*, *supra*, 106 Cal.App.4th at p. 214) to address Trustees' challenge to the entry of the June 2, 2011 order, the controversy is moot.[12]

Trustees propose that we may decide this case notwithstanding the mootness of the controversy based upon the case presenting issues of recurring public interest or involving questions of law requiring clarification. While the court may decide a case that is otherwise moot when it presents an issue of continuing public interest (*Santa Monica Baykeeper*, *supra*, 193 Cal.App.4th at p. 1548), this case does not fall within that exception. In our view, resolution of the instant controversy—including whether the June 2, 2011 order was improper due to a lack of proper notice and a fact-specific inquiry regarding whether any notice deficiency was forfeited by Trustees and the beneficiaries—is unlikely to provide guidance to litigants in other trust proceedings. We therefore decline to exercise our discretion to decide the moot issues here. (See *Building a Better Redondo, Inc.*, *supra*, 203 Cal.App.4th at pp. 867-868; *MHC Operating Limited Partnership*, *supra*, 106 Cal.App.4th at p. 215.)

DISPOSITION

The appeal is dismissed on the ground that it is moot.

---

[12] There is no impediment to our reliance upon court-filed documents that postdate the entry of the appealable order here—including our opinion in *Estate of Gill I*, documents filed in this court by Trustees in related proceedings, pleadings filed below, and the letter briefs filed in this court—to establish that the appeal is moot. (See *In re Salvador M.* (2005) 133 Cal.App.4th 1415, 1422 [appellate record properly included agency's addendum report filed after entry of judgment offered to show that rendered issue on appeal was moot].)

10

_____
Márquez, J.

WE CONCUR:


_____
Premo, Acting P.J.


_____
Mihara, J.

11